## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1377** |
| **BURL CAIN, WARDEN** | **SECTION: "B"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED AS MOOT.**

In 1976, Maria DiGiovanni, a seventy-four year old woman, was raped and murdered in her home in New Orleans, Louisiana.[1]  For their roles in the crime, petitioner and Kenneth R. Smith were convicted of second degree murder and sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence for forty (40) years.  Those convictions and sentences were affirmed.  State v. Lewis, 413 So.2d 513 (La. 1982).  Both defendants were subsequently granted an out-of-time appeal, and their convictions and sentences were then again affirmed in 1993.  State v. Smith, 623 So.2d 942 (La. App. 5th Cir. 1993).

---

[1] The horrific facts of the case, which are summarized in State v. Smith, 623 So.2d 942 (La. App. 4th Cir. 1993), are not relevant to the issue presented herein and, therefore, need not be recounted in this opinion.

On June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"   Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012).   On April 23, 2013, petitioner, who was seventeen years old at the time of the crime, thereafter filed a motion to correct an illegal sentence based on Miller.[2]   On August 8, 2014, the state district court denied that motion because the Louisiana Supreme Court had previously held that Miller did not apply retroactively to cases on collateral review.[3]   On that same basis, the Louisiana Supreme Court then likewise denied petitioner's related writ application on April 2, 2015.   State ex rel. Lewis v. State, 163 So.3d 792 (La. 2015).

On April 27, 2015, petitioner filed the instant federal application seeking habeas corpus relief, again arguing that his sentence is unconstitutional under Miller.[4]   Because the issue of Miller's retroactivity was pending before the United States Supreme Court, this matter was administratively closed on August 7, 2015, until the Supreme Court issued its opinion.[5]   In January of 2016, the United States Supreme Court ruled that Miller is retroactive to cases on collateral review, abrogating the Louisiana Supreme Court's jurisprudence to the contrary.   Montgomery v. Louisiana, 136 S. Ct. 718 (2016).   Therefore, this matter was then reopened.[6]

However, the District Attorney subsequently filed a motion in the state district court acknowledging that petitioner was entitled to be resentenced in conformity with Miller and asking that a resentencing hearing be set.[7]   On September 16, 2016, the state district court then held a new

---

[2] State Rec., Vol. 4 of 4.
[3] State Rec., Vol. 4 of 4, minute entry dated August 8, 2014.
[4] Rec. Docs. 1 and 4.
[5] Rec. Doc. 13.
[6] Rec. Doc. 15.
[7] Rec. Doc. 25-1.

sentencing hearing, vacated petitioner's original sentence, and resentenced him to life imprisonment *with* the possibility of parole.[8]

That action has rendered petitioner's federal application moot. The sentence petitioner challenges in the instant application has been vacated and no longer serves as the basis for his present confinement. Moreover, the only relief to which petitioner was even arguably entitled in this proceeding was an order that he be resentenced by the state court in conformity with Miller. However, such an order is now unnecessary in light of the state court's action. Simply put, there is no further role for this Court at this time. Stewart v. Cain, Civ. Action No. 15-59, 2016 WL 2976653, at *2 (E.D. La. Mar. 17, 2016), adopted, 2016 WL 2942365 (E.D. La. May 20, 2016).

*That said, the undersigned takes care to note that petitioner is now in custody pursuant to a new state criminal judgment for federal habeas corpus purposes. Therefore, if he believes that his new sentence is unconstitutional, the dismissal of this instant petition would obviously be without prejudice to his ability to seek federal relief with respect to that new sentence. Accordingly, petitioner may in the future bring a new federal application challenging that new sentence, so long as he does so in a timely manner after exhausting his remedies in the state courts.* Id.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petitioner's application for habeas corpus relief be **DISMISSED AS MOOT.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[8] Rec. Doc. 30-1.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this fifth day of October, 2016.

JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

4